UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON HOLSTON, | No. 2:15-cv-0981 AC P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL WARSTLER, | |
| Defendant. | |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at El Dorado County Jail and is scheduled to be released on June 7, 2015. ECF No. 6 at 7. Presently before the court is plaintiff's motion for a temporary restraining order enjoining defendant Warstler, the Parole Unit Supervisor at CDCR,[1] from enforcing two special conditions of parole upon plaintiff's release. ECF No. 5, 6. Plaintiff has consented to the jurisdiction of the magistrate judge. ECF No. 3.

I.  Plaintiff's Allegations

Plaintiff, a California parolee since 2012, is required to wear a GPS tracking device and must comply with several special conditions of parole ("SCOP") related to the maintenance of this device. ECF No. 6 at 12, 15-16. SCOP No. 45 requires plaintiff to "charge the GPS device

---

[1] California Department of Corrections and Rehabilitation.

1

at least two times per day (every 12 hours) for at least 1 full hour each charging time." Id. at 16. SCOP No. 44 requires plaintiff to "charge the GPS device for 1 hour within 10 minutes of receiving a low battery alert" and again requires plaintiff to charge his device at least twice per day (every 12 hours) for 1 full hour. Id.

Plaintiff alleges that he is indigent, homeless, and unable to afford the costs associated with GPS monitoring. ECF No. 6 at 6, 8. In an effort to locate electrical outlets to charge his GPS, plaintiff "has been caused to violate several laws," including prowling, trespassing, vandalism, and theft. Id. at 6. Since 2014, plaintiff's inability to secure regular access to electricity has caused him to suffer five parole violations. Id. at 6, 33. Most recently, plaintiff was arrested on March 31, 2015 after he violated his parole by failing to adequately charge his GPS device. Id. at 6-7, 35.

On April 15, 2015, plaintiff had a parole revocation hearing in the El Dorado Superior Court regarding his March 31, 2015 violation of parole. ECF No. 6 at 7, 37. During these proceedings, plaintiff requested that the superior court judge modify SCOP No. 44 and 45 and order defendant to provide plaintiff with a source of electricity to charge his GPS device. Id. at 7. According to plaintiff, the superior court judge "questioned the constitutionality of the conditions at issue." Id. The court issued the following order: "Parole to review conditions to include places to charge the GPS unit." Id. at 37. To date, defendant has not complied with the order of the superior court.

Plaintiff seeks a temporary restraining order enjoining defendant from continuing to impose and enforce SCOP No. 44 and 45 until defendant provides plaintiff with a place to charge the GPS device. Specifically, plaintiff contends that defendant should be required to modify his parole conditions to include "the address and location of electrical outlets, the hours of availability of those electrical outlets and [the] contact person's name who authorizes plaintiff to use those electrical outlets." ECF No. 6 at 8, 10. Plaintiff alleges that the continued enforcement of parole conditions No. 44 and 45 without the requested modifications violates his constitutional due process rights under the Fourteenth Amendment. Id. at 4, 9-10.

////

II.     Legal Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). The moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))) .

III.    Analysis

   A. Likelihood of Success on the Merits

Plaintiff's motion for a temporary restraining order is supported by the same allegations contained in plaintiff's complaint, see ECF No. 5, 6, which has not yet been screened by the court

or served on defendant Warstler.  The gravamen of plaintiff's claim is that parole conditions No. 44 and 45, as currently written, are unreasonable and that defendant's continued enforcement of these conditions constitutes "arbitrary and oppressive official action" in violation of plaintiff's Fourteenth Amendment due process rights.  The undersigned finds that while it is certainly possible that plaintiff's allegations state a valid claim for relief, the record is not sufficiently developed to permit determination of whether plaintiff is likely to succeed on the merits of his case.

In particular, it is unclear at this stage whether plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Heck holds that a prisoner may not pursue a § 1983 claim if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In such a case, plaintiff may not proceed with a civil rights action absent proof that the conviction or sentence has been reversed, expunged or invalidated.  Id. at 486-487.  This doctrine applies equally to claims for damages and those for injunctive relief.  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, the record is unclear as to why plaintiff is currently incarcerated.  Plaintiff indicates that he was arrested on March 31, 2015 for violating his parole by failing to adequately charge his GPS device.  ECF No. 6 at 6, 35.  However, it is unclear from the record whether plaintiff is currently serving a jail term for the March 31, 2015 parole violation, or if he has already completed that sentence and is in jail on an unrelated matter.  See ECF No. 6 at 37 (April 15, 2015 El Dorado Superior Court order).

If plaintiff is currently serving a jail term for violating parole conditions No. 44 and No. 45, then a finding in plaintiff's favor (i.e., that enforcement of these conditions violated plaintiff's due process rights) would necessarily imply the invalidity of plaintiff's current jail sentence.  If this is the case, plaintiff is barred from challenging parole conditions No. 44 and 45 through a §1983 action, unless his conviction for violating these parole conditions has been invalidated or reversed.  If the Heck bar applies, plaintiff has no likelihood of success on the merits of his § 1983 action and immediate injunctive relief is unavailable.  See Johnson, 72 F.3d at 1430 (preliminary injunctive relief should be denied if the probability of success on the merits is low).

4

1    On the other hand, if plaintiff is currently in jail for reasons unrelated to the complaint, it
2 appears that his challenge to parole conditions No. 44 and 45 would not be subject to the Heck
3 bar. See Thornton v. Brown, 757 F.3d 834, 845-846 (9th Cir. 2013) (holding that "a state parolee
4 may challenge a condition of parole under §1983 if his or her claim, if successful, would neither
5 result in a speedier release from parole nor imply, either directly or indirectly, the invalidity of the
6 criminal judgment underlying that parole term"). In any event, due to the undeveloped record,
7 the court is unable to determine whether the Heck bar applies and unable to assess plaintiff's
8 likelihood of success on the merits of the underlying complaint. Accordingly, this factor weights
9 against plaintiff's motion for immediate injunctive relief.

    B. Irreparable Injury

11   Plaintiff contends that he is likely to suffer irreparable harm if defendant continues to
12 impose the parole conditions No. 44 and 45 without providing plaintiff a place to charge his GPS
13 device. ECF No. 6 at 8. Plaintiff declares that "he does not know any locations where there are
14 electrical outlets or places where he is authorized to use electrical outlets in the County of El
15 Dorado." Id. Plaintiff contends that upon his release from jail on June 7, 2015, he will have "no
16 choice but to continue the criminal activities of: Prowling, Trespassing, Vandalism and Theft, in
17 order to comply with special conditions of parole (No. 44) and (No. 45)." Id.
18   As the court understands it, the potential harms identified by plaintiff are that in the
19 absence of preliminary relief, plaintiff could be (1) charged with a parole violation if he does not
20 find a place to charge his GPS device, or (2) charged with a criminal act while searching for a
21 place to charge his device. To the extent plaintiff argues that he will be criminally charged for
22 prowling, trespassing, theft, or vandalism, the court finds plaintiff's assertion to be too
23 speculative to establish a likelihood of irreparable injury. See Caribbean Marine Servs. Co. v.
24 Baldridge, 844 F.2d 668 (674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable
25 injury sufficient to warrant granting a preliminary injunction.") (internal citations omitted).
26 While plaintiff alleges that he has already been "caused to violate several laws" in his search for
27 electricity, it does not appear that he was ever arrested or criminally charged with prowling,
28 trespassing, vandalism, or theft. In other words, while plaintiff states that he "engaged in these

1   criminal activities," he provides no evidence that he has been harmed as a result of engaging in
2   this conduct.  Moreover, it is entirely unclear how plaintiff's speculative future commission of
3   criminal acts could constitute injury from the challenged parole conditions.  As for the possibility
4   of parole violation charges based on plaintiff's future inability to charge the GPS device, it
5   appears that the superior court's April 15, 2015 order provides a defense.  Under these
6   circumstances, the likelihood that plaintiff will suffer irreparable harm in the future remains
7   speculative.

    C.  Balance of Equities

9   The court recognizes that requiring plaintiff, a transient and indigent person, to locate
10  electrical outlets he may use for one full hour two times per day to charge his GPS device,
11  imposes a hardship on plaintiff.  However, the issue now presented is the extent to which the
12  balance of the equities favors granting plaintiff immediate injunctive relief in the form of a
13  temporary restraining order.  The court notes that plaintiff's failure to secure immediate
14  injunctive relief will not prevent him from continuing to litigate this action upon his release from
15  jail.  Furthermore, the relief plaintiff seeks in the current action appears to have already been
16  granted to him in state court through the order of the El Dorado Superior Court.  To the extent
17  defendant has failed to comply with the superior court's order, plaintiff can and should address
18  this issue in state court.  Federal court is not plaintiff's only source of redress, and on the present
19  record the undersigned cannot determine whether federal court intervention would be available at
20  all.  Under these circumstances, the balance of equities does not sharply favor plaintiff.

    D.  Public Interest

22  Citing Morissey v. Brewer, 408 U.S. 471, 484 (1972), plaintiff argues that society has an
23  interest in restoring him to "normal and useful life within the law." ECF No. 6 at 9.  Plaintiff
24  contends that this interest is "grossly underserved by causing plaintiff . . . to be compelled by
25  imposition of the special conditions of parole . . . to prowl, trespass, vandalize, and steal
26  electricity from the very members of society the conditions of parole are meant to serve." Id.
27  While society has some interest in plaintiff's rehabilitation, the court must be mindful of the
28  public's interest in requiring plaintiff, a convicted sex offender, to find places to charge his GPS

1 device while this action is pending in federal court so that he may be tracked by his parole agent.
2 Even if this factor slightly favored plaintiff, due to the court's inability to evaluate plaintiff's
3 likelihood of success of the merits and because he is not likely to suffer irreparable harm in the
4 absence of immediate injunctive relief, plaintiff's motion for a temporary restraining order must
5 be denied.

6     IV.    <u>Address Change</u>

7 Local Rule 182(f) requires that a party appearing in propria persona inform the court of
8 any change in address. In light of plaintiff's upcoming release from the El Dorado County Jail,
9 plaintiff is reminded that he will need to file a notice of change in address with the court.
10 Plaintiff is warned that failure to do so could result in the dismissal of this action without
11 prejudice for failure to prosecute. <u>See</u> Local Rule 183(b).

12 Accordingly, IT IS HEREBY ORDERED that:

13 Plaintiff's motion for a temporary restraining order (ECF No. 5) is denied.

14 DATED: June 2, 2015

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE