UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON HOLSTON, | No. 2:15-cv-0981 AC P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL WARSTLER, | |
| Defendants. | |

On June 6, 2015,[1] plaintiff Theron Holston, pro se, filed a motion for reconsideration of this court's June 2, 2015 order, ECF No. 7, denying plaintiff's motion for a temporary restraining order regarding enforcement of two parole conditions related to plaintiff's GPS tracking device. Plaintiff asserts that in denying plaintiff's motion, the court misunderstood plaintiff's underlying claim for relief. ECF No. 11 at 1-3. Plaintiff also offers new information related to his claim of irreparable harm. Id. at 4-5. For the reasons discussed below, plaintiff's motion for reconsideration is denied.

District courts have wide discretion to consider and vacate a prior order. See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.2003). "[A] motion for reconsideration should not be granted, absent highly unusual

---

[1] This motion was filed by the clerk on June 15, 2015. ECF No. 11.

1

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir.2009) (internal quotation marks omitted & alteration in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ... of that which was already considered by the [c]ourt in rendering its decision." <u>Le v. Sandor</u>, No. 14–01464, 2014 WL 5305894, at *1 (E.D.Cal. Oct. 15, 2014) (internal quotation marks omitted). In addition, in this district, a motion for reconsideration is governed by Local Rule 230(j), which requires a party to set forth, among other things, "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3).

      Plaintiff first argues that in assessing the likelihood of success on the merits, the court misunderstood the allegations of plaintiff's underlying complaint. Specifically, plaintiff explains that his claim is that defendant Parole Unit Supervisor Warstler's ongoing failure to comply with the order of the El Dorado Superior Court violates plaintiff's due process rights.[2] ECF No. 11 at 2. Plaintiff then goes on to assert that he is challenging the "enforcement of [parole] conditions No. 44 and 45 without compliance with the El Dorado court order to include places to charge the GPS unit." <u>Id.</u> Based on these allegations, the court understands plaintiff to challenge both the failure to comply with the superior court's order and the enforcement of parole conditions No. 44 and No. 45 in the absence of compliance with the superior court order. In either case, plaintiff is seeking defendant's compliance with the Superior Court's order. Such relief must be obtained in and through the state courts.

      Plaintiff's argument does not cure the initial defect in plaintiff's motion for a temporary restraining order, which is that the record remains too undeveloped to permit determination whether plaintiff is likely to succeed on the merits of the underlying complaint.[3] Accordingly,

---

[2] The superior court order directed "[p]arole to review [plaintiff's parole] conditions to include places to charge the GPS unit." ECF No. 6 at 37.

[3] The court notes that plaintiff is no longer incarcerated and that the court's concerns regarding (continued…)

1  plaintiff's attempt to reframe his claims does not provide grounds to grant plaintiff's motion for
2  reconsideration.
3        Plaintiff next takes issue with the court's analysis of whether plaintiff is likely to suffer
4  irreparable harm in the absence of immediate injunctive relief.  In finding that the likelihood of
5  irreparable harm was speculative, the court observed in its June 2, 2015 order that plaintiff had
6  not alleged that he had suffered harm, such as an arrest or criminal charge, when he engaged in
7  "criminal activities" such as prowling or trespassing while searching for a place to charge his
8  GPS.  ECF No. 7 at 5-6.  In his motion for reconsideration, plaintiff now clarifies that he *has*
9  suffered this type of harm in the past, and argues that he is likely to suffer the same harm in the
10 future.  Specifically, plaintiff asserts that the reason he was initially contacted by the sheriff on
11 March 31, 2015 was because the sheriff received a report of a prowler.  ECF No. 11 at 4-5.  On
12 that day, plaintiff was outside of a K-mart looking for an electrical outlet.  Id.  He found an outlet
13 and charged his GPS device for approximately fifteen minutes.  Id. at 5.  He then came into
14 contact with the sheriff about ten to twenty minutes later and was subsequently arrested.  Id.
15       Even assuming that the above allegations qualify as newly discovered evidence and that
16 plaintiff was arrested because he was prowling (rather than because he violated his parole by
17 failing to charge his GPS),[4] the link between these allegations and plaintiff's request for
18 injunctive relief remains attenuated.  In his motion for a temporary restraining order, plaintiff
19 requests that the court enjoin defendant "from continuing to impose and enforce special
20 conditions of parole (No. 44) and (No. 45) . . . without identifying places to charge the GPS unit."
21 ECF No. 5 at 2.  Even if the requested relief were granted, plaintiff would still not have a place to
22 charge his GPS device.  Thus, his risk of being arrested or charged with a criminal act such as

---

24 the Heck bar, set forth in the court's June 2, 2015 order, might no longer be applicable.  See Heck
25 v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a prisoner may not pursue a claim under 42
U.S.C. § 1983 where a judgment favoring plaintiff "would necessarily imply the invalidity of his
26 conviction or sentence."  However, even assuming plaintiff's claim is not barred by Heck, the
record remains undeveloped.
27 [4] The exhibits attached to plaintiff's complaint suggest that he was arrested on March 31, 2015
for violating his parole.  See ECF No. 6 at 35.
28

prowling while searching for a place to charge his GPS device would remain unchanged. Accordingly, plaintiff's new allegations do not change the court's analysis.

Finally, plaintiff argues that he is likely to suffer irreparable harm in the absence of a temporary restraining order because it is "an established fact" that defendant will arrest plaintiff "for noncompliance with the [GPS] charging requirement." ECF No. 11 at 5. This issue was already addressed in the court's June 2, 2015 order. See ECF No. 7 at 6. Plaintiff's disagreement with the court's prior order does not provide grounds to grant his motion for reconsideration. See Espinosa v. California, No. 2:14-CV-2881-KJM-GGH, 2014 WL 7409432, at *1 (E.D. Cal. Dec. 30, 2014) (internal citations omitted).

Because plaintiff has not satisfied any of the grounds for a motion for reconsideration, plaintiff's motion for reconsideration is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

Plaintiff's motion for reconsideration (ECF No. 11) is denied.

DATED: June 22, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE