UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON, | No. 2:15-cv-0981 AC P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL WARSTLER, | |
| Defendant. | |

  Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was released on parole on July 24, 2012. ECF No. 6 at 12. As a special condition of parole, plaintiff is required to wear a GPS tracking device and to charge the device every twelve hours. See id. at 16. The complaint alleges that plaintiff is homeless, indigent, and unable to afford the costs associated with GPS monitoring. Plaintiff seeks to enjoin defendant from continuing to impose and enforce the charging-related parole conditions until defendant provides plaintiff with a place to charge his GPS device. Id. at 10. Defendant filed a motion to dismiss the complaint, which is still pending before the court. ECF No. 19.

  On August 16, 2016, defendant filed a notice of related cases. ECF No. 43. In the notice, defendant identifies Holston v. Nieto, Case No. 2:15-cv-01870-GEB-CKD (E.D. Cal.) as a potentially related case. Id. at 1. Defendant asserts that both Holston v. Nieto and the instant case bear on plaintiff's ability "to proceed on claims for injunctive relief related to the conditions

1

of his parole, . . . *in light of his recent discharge from parole*." Id. (emphasis added). Defendant cites to the Declaration of D. Mauch, Dkt. No. 54-2 in Holston v. Nieto, which indicates that plaintiff completed his parole term and was officially discharged from parole on July 25, 2016.[1]

In light of the above, it appears that plaintiff may no longer be subject to any conditions of parole. Accordingly, the parties shall be required to file separate status reports updating the court as to plaintiff's current parole status. The parties will be granted seven days to file their respective status updates. Defendant is encouraged to submit with his status update any pertinent records concerning plaintiff's discharge from parole that are capable of being judicially noticed.

Directions to Plaintiff

Within seven (7) days from the date of service of this order, plaintiff shall file a status report informing the court whether he is still on parole.

**If plaintiff is no longer on parole, plaintiff must explain in his report why this case should not be dismissed as moot.** Plaintiff is cautioned that failure to comply with this order may result in a recommendation that this action be dismissed. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven (7) days from the date of service of this order, the parties shall file separate status reports updating the court as to plaintiff's current parole status.
2. If plaintiff is no longer on parole, within seven (7) days from the date of service of this order, plaintiff must show cause why this case should not be dismissed as moot. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: August 19, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant has not filed a copy of the Mauch Declaration in the instant case.

2