UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL WARSTLER,<br><br>　　　　　Defendant. | No. 2:15-cv-0981 AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Theron Kenneth Holston proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the first amended complaint against defendant D. Warstler, plaintiff's Parole Unit Supervisor, for alleged violations of plaintiff's due process rights under the Fourteenth Amendment. See ECF No. 6 at 4, 5. For the reasons discussed below, the undersigned recommends that this action be dismissed as moot.

I.　　Factual and Procedural Background

Plaintiff, a former state prisoner, was released on parole on July 24, 2012. As a condition of parole, plaintiff is required to wear a GPS tracking device. See ECF No. 6 at 2, 16. In his first amended complaint, plaintiff challenges the continued enforcement of two parole conditions requiring him to charge his GPS device "at least two times per day (every 12 hours) for at least 1 full hour each charging time," and to "charge the GPS device for 1 hour within 10 minutes of receiving a low battery alert." Id. at 16. Plaintiff alleges that he is homeless, indigent, and unable

1  to afford the costs associated with charging the GPS device, and contends that his parole
2  conditions should be modified to include an authorized location to charge the GPS device.  Id. at
3  4, 6, 8.  Plaintiff seeks to enjoin defendant Warstler, plaintiff's Parole Unit Supervisor, from
4  continuing to impose and enforce the GPS charging-related parole conditions until plaintiff is
5  provided with a place to charge his GPS device.  Plaintiff asserts that continued enforcement of
6  these parole conditions, without the requested modifications, violates his due process rights under
7  the Fourteenth Amendment.  Id. at 4, 9-10.  The complaint seeks declaratory and injunctive relief.
8  Id. at 10.

On October 6, 2015, defendant Warstler filed a motion to dismiss the complaint, which is pending before the court.  ECF No. 19.  In his motion, defendant asserted that plaintiff's due process claim should be dismissed as moot because after the first amended complaint was filed, plaintiff's parole conditions were modified to include locations to charge the GPS device.[1]  ECF No. 19-1 at 4-5.  Plaintiff filed an opposition, asserting that his claim was not mooted by the modifications because the modifications were inadequate.  Specifically, plaintiff asserted that because the modifications provided him with authorized locations to charge his GPS device during business hours only, he was still unable to comply with the requirement that he charge his GPS device once every 12 hours.  See ECF No. 22 at 2, 4-6, 15-18.

On August 16, 2016, defendant filed a notice of related cases.  ECF No. 43.  In the notice, defendant identified Holston v. Nieto, Case No. 2:15-cv-01870-GEB-CKD (E.D. Cal.) as a potentially related case.  ECF No. 43 at 1.  Defendant asserted that both Holston v. Nieto and the instant case bear on plaintiff's ability "to proceed on claims for injunctive relief related to the conditions of his parole, . . . in light of his recent discharge from parole."  Id.  In the notice, defendant cited to the Declaration of D. Mauch, Dkt. No. 54-2 in Holston v. Nieto, which indicates that plaintiff completed his parole term and was officially discharged from parole on July 25, 2016.

---

[1] In the alternative, defendant argued that this court should abstain from proceeding in this case due to plaintiff's ongoing criminal appeals in state court concerning the same subject matter, i.e. plaintiff's parole violations for failing to keep his GPS tracking device charged.  ECF No. 19-1 at 5-6 (citing Younger v. Harris, 401 U.S. 37 (1971)).

On August 19, 2016, in light of the notice filed by defendant, the court ordered the parties to file status reports advising the court as to plaintiff's current parole status. ECF No. 44 at 2. The court further ordered plaintiff to show cause within seven days why, if he is no longer on parole, the instant case should not be dismissed as moot. Id. Plaintiff was cautioned that failure to comply with the court's order may result in a recommendation that this action be dismissed. Id.

On August 25, 2016, defendant Warstler filed a status report advising the court that plaintiff completed his parole term and was officially discharged from parole on July 25, 2016. ECF No. 45 at 1. In support of his status report, defendant submitted the Declaration of D. Mauch, plaintiff's parole agent since 2015, who declares that as of July 25, 2016, plaintiff's parole term ended and plaintiff is "no longer required to abide by conditions of parole, including wearing and charging a GPS ankle monitor." ECF No. 45-1 at 2. Defendant also submitted a copy of a minute order issued in People v. Holston, Case No. P16PAR0076 in the El Dorado County Superior Court, dated July 22, 2016. ECF No. 45-1 at 6-7. The court takes judicial notice of this record.[2] The Superior Court order indicates that plaintiff committed a new violation of parole on June 17, 2016, and states, in pertinent part, as follows:

> Parolee is found in violation of conditions of parole, parolee is reinstated on parole and is ordered to serve time as follows:
>
> For all convicted charges: Defendant sentenced to the maximum 4 years with credit for 3 years and 363 days. Serve 180 days in the County Jail. Credit for Time Served of 88 actual days, plus 88 4019 PC days, total credit 176 days. Straight time only.
>
> *Defendant released on 7/25/2016 upon completion of jail sentence. . .*
>
> Parolee is returned to parole. All prior orders remain in full force and effect.

---

[2] Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2)). See also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters or public record."). A court may take judicial notice "on its own," at any stage of the proceeding. Fed. R. Evd. 201(c), (d).

1 *Parole will end upon completion of jail sentence.*

2 ECF No. 45-1 at 6-7 (emphasis added).

3 To date, plaintiff has not filed a response to the August 19, 2016 order to show cause, or
4 otherwise responded to the court's order.

5 II.     Mootness

6 Article III of the Constitution requires there to be a "case or controversy" to support
7 jurisdiction of the federal courts. Federal courts "lack jurisdiction to decide moot questions or
8 abstract propositions, because moot questions require no answer." Wolfson v. Brammer, 616
9 F.3d 1045, 1053–54 (9th Cir. 2010) (internal quotations, punctuation, and citation omitted). "A
10 case or controversy must exist at all stages of review, not just at the time the action is filed." Id.
11 (citing Alvarez v. Smith, 558 U.S. 87 (2009)). "A case becomes moot when the issues presented
12 are no longer live or the parties lack a legally cognizable interest in the outcome." Porter v.
13 Jones, 319 F.3d 483, 489 (9th Cir. 2003). Where the courts can no longer grant effective relief,
14 the courts lack jurisdiction and must dismiss the case as moot. See Enrico's, Inc. v. Rice, 730
15 F.2d 1250, 1254 (9th Cir. 1984); United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th
16 Cir. 1987).

17 In the instant case, the July 22, 2016 minute order from the El Dorado County Superior
18 Court establishes that plaintiff's parole term ended on July 25, 2016, when he was released from
19 jail. Plaintiff's discharge from parole renders plaintiff's claim for injunctive relief moot. If
20 plaintiff is no longer on parole, the court cannot grant injunctive relief with respect to the
21 continued imposition or enforcement of plaintiff's GPS-related conditions of parole, as plaintiff is
22 no longer subject to *any* conditions of parole.

23 The court has considered whether the instant case falls under the exception to the
24 mootness doctrine, which permits courts to review conduct that is "capable of repetition, yet
25 evading review." See Wolfson, 616 F.3d at 1053-54. Under this exception, a court may consider
26 a case that would otherwise be deemed moot "where the following two circumstances are
27 simultaneously present: (1) the challenged action is in its duration too short to be fully litigated
28 prior to cessation or expiration, and (2) there is a reasonable expectation that the same

4

1  complaining party will be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17
2  (1998) (alterations and citation omitted).  Plaintiff's case satisfies neither of these conditions.
3  There is no indication that the time between the imposition of parole conditions and the expiration
4  of a parole term is always so short as to evade review, or that plaintiff is reasonably likely to be
5  sentenced to parole again and be subjected to the same parole conditions at issue in the instant
6  case.  See Spencer, 616 F.3d at 18 (finding that petitioner's case did not fall within the exception
7  to the mootness doctrine where petitioner failed to show that "the time between parole revocation
8  and expiration of sentence is always so short as to evade review" and had not "demonstrated a
9  reasonable likelihood that he will once again be paroled and have that parole revoked").
10  Accordingly, plaintiff's claim for injunctive relief is moot.
11       With respect to plaintiff's request for declaratory relief, a declaratory judgment may only
12  issue if there exists "a case of actual controversy" before the court.  28 U.S.C. § 2201(a); Societe
13  de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir.
14  1981).  "A case or controversy exists justifying declaratory relief only when 'the challenged
15  government activity is not contingent, has not evaporated or disappeared, and, by its continuing
16  and brooding presence, casts what may well be a substantial adverse effect on the interests of the
17  petitioning parties."  Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d
18  1012, 1015 (9th Cir. 1989) (quoting Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122
19  (1974)).  Here, plaintiff has been discharged from parole and therefore is no longer subject to any
20  conditions of parole that could be modified.  Accordingly, it appears that there is no longer an
21  existing case or controversy to support a claim for declaratory relief.  As plaintiff sought only
22  injunctive and declaratory relief in his first amended complaint, see ECF No. 6 at 10, there are no
23  claims left at issue in this action and it appears dismissal is appropriate.
24       The court's August 19, 2016 order to show cause provided plaintiff with notice and an
25  opportunity to be heard on the issue of mootness.  Plaintiff did not respond to the court's order.
26  Accordingly, the undersigned finds that plaintiff has failed to show cause why this action should
27  not be dismissed, and therefore recommends that this action be dismissed without prejudice as
28  moot.

### III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action, and defendant's motion to dismiss (ECF No. 19), be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6